FILED
2021 Nov-15 AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THENORTHERN DISTRICT OF ALABAMA

Dr. Dorothy Alexander-Guerrier,　　　　）
Jane Doe Minor Child F,　　　　　　　　）
Jane Doe Minor Child A,　　　　　　　　）
Jane Doe Minor Child C,　　　　　　　　）
Jane Doe Minor Child B, Affected Class,　）
　　　　　　Plaintiffs,　　　　　　　　）Case No. 2:21-CV-1512-AMM
　　　　　　　　　　　　　　　　　　　） The Lower Tribunal Case No. 58-JU-2021-
　　　　　　　　　　　　　　　　　　　000523
　　　v.　　　　　　　　　　　　　　　） The Alabama Civil Court of Appeals Case No.
　　　　　　　　　　　　　　　　　　　） Class Action Complaint for Declaratory &
　　　　　　　　　　　　　　　　　　　） Injunction Relief under CAFA and

James R. Kramer, Individually, as well as
in his capacity as the Shelby County　　　）
Juvenile Judge, Nancy Buckner,　　　　　）
Individually, as well as in her capacity as ）
Commissioner of the Alabama DHR, Jill ）
Tarte Karle, Brandi Curtis Welton,　　　　）
Frenique Paige Bell, Ashaka Johnson,　　）
Kim Mashego, Individually, as well as in ）
her capacity as Director of the Shelby　　）
County DHR, Anil Sadhwani, Jennifer　　）
Neumann, James V. Green, Jr., Ann S.　　）
Dersiz, Lois Beasley-Carlisle, Madison　）
County Sherriff's Office Sheriff Kevin　）
Turner, Deputy Johnson, Deputy　　　　）
Matthews, Deputy Grey, Deputy Region, ）
Deputy Matt, Madison County DHR,　　）
Unknown Madison County DHR Worker,）
David Hyche, Individually as well as　　）
Unknown Officers who spit on mother of ）
minor children, Shelby Baptist Medical　）
Center, Heather Jones, Schuyler H.　　　）
Richardson, Juliet Tien, a California　　　）
Citizen, Shelby County and Shelby　　　）
/county DHS, Alabama, The State of　　　）
Alabama, Rick Karle,  et al.,　　　　　　）

　　　　　　Defendants.

_____/

1

## NOTICE OF REMOVAL FROM THE    STATE of ALABAMA SHELBY COUNTY JUVENILE COURT TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

TO: The Honorable clerk of the United States District Court of the United States District Court for the Northern District of Alabama.

PLEASE TAKE NOTICE that Defendant/Petitioner is an elderly, disabled Melanated female adult member of the Cherokee descent, and is HEREBY requesting removal of the Juvenile cause to the United States District Court for the Northern District of Alabama all causes of action in the civil juvenile action styled, IN THE MATTER of: LF, LA, LC and LB, with the above scribed case number (the "State Court Action"), now pending in the Juvenile Court of Shelby County, Alabama.

A copy of all process proceedings, pleadings and orders served upon Defendant/Petitioner to date in the Juvenile Court Action will not be attached as Exhibits because they involve sensitive Juvenile Court records that must be ordered and appropriately redacted by the lower juvenile court, prior to Defendant/Petitioner's doing so. Thus, Defendant/Petitioner's grounds for removal are as follows:

A. Plaintiff is the maternal grandmother of four children who are classified as being in need of being put into foster care by the Shelby County DHR, with the approval of James R. Kramer without a trial, without  a parental hearing, and without reason except to put the children into a child trafficking ring, which is common place in Shelby County, Alabama. Thus, Plaintiff brings this action, also, on her own behalf as well as on the behalf of all others similarly situated whose children or grandchildren have been wrongly snatched by the Shelby County DHR, with the approval of James R. Kramer under the compulsion of being put behind bars. Plaintiff states the following upon information and belief:

2

1.    **This Civil Action is Founded on Claim or Right Arising under the Laws of the United States.**

**A. 42 U.S.C. § 1981**. The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a) as Plaintiff's cause of action for removal, among other concerns, is a federal question arising under the laws of the United States, specifically, the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended. Plaintiff's granddaughter, Jane Doe, Minor Child B, was assaulted by the Guardian Ad Litem, Jill Tarte Karle (GAL) by unwanted, inappropriate and unwarranted touching and by coughing directly in the child's face without a face mask, purposedly causing the baby to become deathly ill along with the child's entire family. And, the GAL along with Brandi Curtis Welton was overheard by the Plaintiff freely speaking about incriminating speech unbecoming to officers of the court, and to social workers that implicated both of them in the vein of criminality. They also stole the keys to the car of the Plaintiff's youngest daughter, and keyed both cars of the Plaintiff's youngest daughter,

On the same note, the Plaintiff endured name calling, humiliation, differential treatment, blatant lies, and bragging that the GAL about being able to be afforded a court appointed attorney, sneered at, and mocked, due to Plaintiff's skin color. Further, Plaintiff contracted with the Shelby County DHR to be given her four grandchildren to her, once she arrived at the Shelby County DHR, and she was promised by James Raymond Kramer, an apparent unlicensed judge of the Shelby County Juvenile Court that as long as Plaintiff answered his questions, that she would not be held in contempt or arrested.

Plaintiff did so, and James Raymond Kramer still cited the Plaintiff with a "Citation for Contempt".

Plaintiff as well as her four minor grandchildren were also subjected to retaliation against them because of the Plaintiff's complaining about being mistreated when James Raymond Kramer

3

told her that she was "faking being sick" when the Plaintiff was under doctor's orders to quarantine, as well as not to travel.

The Shelby County DHR violated § 1981 by subjecting Plaintiff to disparate treatment and retaliation based on the race of the Plaintiff. Plaintiff also states other federal law claims as well, which will be made a part of this notice. Accordingly, this matter also presents a federal question and removal is appropriate under 28 U.S.C. § 1441(a).

B. **28 U.S.C. § 5321(d)** is applicable to this removal. In addition, while framed as a discrimination claim, the facts alleged by plaintiff and the remedies she seeks show that the cause of action is also, essentially, for the tort of intentional infliction of emotional distress, therefore constituting a federal question that arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* being that the FTCA provides the exclusive remedy for money damages against entities like the Shelby County Court and It's employee, James R. Kramer arising from such torts. 25 U.S.C. 5321(d); 28 U.S.C. § 2679(a) and (b)(1). FTCA claims are within the exclusive federal question jurisdiction of the United States courts. *Davila v. Patel*, 415 F.Supp. 2d 528, 529 (E.D. Pa. 2005)("The claims against the United States under FTCA confer federal question jurisdiction on the [District] Court pursuant to 28 U.S.C. section 1331."). As such, the State Court Action isremovable to this Court pursuant to 28 U.S.C. § 1441(a).

C. **42 U.S. Code § 1983 - Civil action for deprivation of rights**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

4

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. Because of this, Plaintiff is Seeking relief and removal over Constitutional and civil rights violations including but not limited to my right as an indigent to be provided court-appointed counsel so that I may be provide assistance with professional representation as well as my 5th Amendment right to compel to be a witness against myself as Judge Jim R. Kramer has demanded of me on numerous occasions including but not limited to November 8th and November 15th. Judge Jim R. Kramer has threatened to imprison me if I do not break my 5th amendment right, and being denied my 6th Amendment right to an attorney because it is a civil case, however, prison time is the sentence that has been planned for mem.

In a like manner, my 4th amendment rights were also denied when I was harassed by government employees on my property, and, again, my house was searched repeatedly. In Hernandez vs Foster the circuit declared that when children were taken from their parents without probable cause, without exigent circumstances, and without a court order first, violates the 4th

Amendment the circuit also labeled safety plans which were not presented and non-existent coercive and biased. Juvenile court intervention is providing incorrect and inadequate correction to abuses of power committed in the name of child protection. DHR, Jill Karle, Judge Jim R. Kramer consistently break the family's first act which was intended to support the family's ability to raise children and to avoid foster care system. ADA act was ignored when alleged mental health issues were falsely stated. James Green Jr., aka Bubba conspired against his client by undermining the parents by failing to file one motion in favor of the parents and by conspiring against the children to "speed things up" and instructing the paternal grandfather to put them into foster care against the best intentions for the children.

## D.  28 U.S. Code § 1453 - Removal of class actions under CAFA

Plaintiff, is a "class member" of thousands of parents as well as grandparents who have spent thousands of dollars to be in compliance with the unattainable demands of the Shelby County DHR, and the Shelby County Court and will join this action as a "class" action. Since CAFA permits class actions", a "class certification Order", or a "class member" having the meanings given

as to such terms as defined under Section 1332 (d)(1). This Section clarifies that a class action clarifies that a class action may be removed to a district court of the United States in accordance with Section 1446 as long as the one-year statute of limitation under section 1446 (c) (1) has not been trampled upon, and in so doing shall be without regard to whether defendant is a citizen of the State in which the action is rendered, except that such action may be removed by any defendant without the consent of all defendants.

7

**2.    This Civil Action is in the Nature of an Action Brought Against the United States or an Officer of the United States.**

The State Court Action is also removable to this Court pursuant to 28 U.S.C. §1442(a) because it is in the nature of a civil action brought against the United States, an agency or officer of the United States or a person acting under the direction of a federal official or agency. The Shelby County DHR is a governed by all applicable laws and forced the Plaintiff and her granddaughters to deny their rights to speech, assembly, press and religion. Plaintiff's house was unreasonable searched by Jill Tarte Karle, Brandi Curtis Welton, Officers Johnson as well as Matthews of the Shelby County Sheriff's Department, with threats of the door being broken down by Courtney Region and her crew. Since the American as well as the Native American's Civil Rights as well as Plaintiff's Tribal Governmental rights were denied, Plaintiff was subjected to an unreasonable search of her daughter's property as well as trespassing by Deputies Johnson as well as Matthews who also held the Plaintiff in false imprisonment.

And, within the meaning of 28 U.S.C. § 1442(a). *See CherokeeNation of Oklahoma v. Leavitt*, 543 U.S. 631 (2005), the Plaintiff did not get fair treatment under the law, and neither did or ever will, her grandchildren be treated fairly in a county such as Shelby County with a judge who is friends, and go on cruises with GAL, Jill Tarte Karle. Because of the hatred for Melanated people as well as those who have diverse blood, the above scribed Defendants hate them.

The Plaintiff had a Constitutional right to be fee from the cruel and unusual punishment of the Shelby County's Juvenile Judge also and was made to be under self-incrimination by being forced by him to testify at a hearing on the 8th of November resulting in the Plaintiff's denial of equal protection of the law, and due process.

**3.    This Notice of Removal is Timely and Complete and Has Been Properly Served.**

a.    Defendant first received notice of this action on the 28[h] of November when contractually, Shelby County DHR social worker, Frenique Bell, told Plaintiff that the babies would be coming with her once she got there. But this was untrue, as a general class action entryway since the same social workers along with thousands of unsuspecting parents have their little children stolen from them for no reason. And, although the neighbor, Nancy McCray, according to Brandi Curtis Welton and Jill Tarte Karle indicated that the Plaintiff's home was fine and that made the Plaintiff understand that the children would be returned to her. They were not due to an unquenchable desire for Shelby County's DHR along with the Juvenile court put unharmed children into foster care to be set-up for adoption while abused children go back to, uncaring, drug addict parents. Thus, this Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

b.    This Court has personal jurisdiction over the parties to this cause.

c.    Defendant is the only named defendant in the *Complaint*. All requirements for removal are met. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

d.    Defendant/Petitioner will provide written copies of this Notice to Counsel of record for all parties. A true and complete copy of this Notice will be filed in the Juvenile State Court Action as well.

9

Dated: November 15, 2021.

By: _____
Dr. Dorothy Alexander-Guerrier, Pro-Se Plaintiff

## Certificate of Service

The undersigned certifies that on the 14th of November, 2021, a copy of the foregoing document was prepared to be served via U. S. Mail, and/or by the appropriate Sheriff's office to the above scribed defendants.

10